**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHELLA CURRY,**

**Plaintiff,**

**v.**

**MATT LUTZ, *et al.*,**

**Defendants.**

**Case Number 2:26-cv-516**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on two pending motions: Plaintiff Michella Curry's Motion for Summary Judgment (ECF No. 5) and Defendants Matt Lutz and Muskingum County's Motion to Deny Plaintiff's Motion for Summary Judgment Without Prejudice and Allow Time to Engage in Discovery Pursuant to Fed. R. Civ. P. 56(d) ("Rule 56(d) Motion") (ECF No. 6). Defendants responded in opposition to Plaintiff's Motion for Summary Judgment (ECF No. 7), and Plaintiff replied in support (ECF No. 10). Plaintiff responded in opposition to Defendants' Rule 56(d) Motion (ECF No. 11), and Defendants replied in support (ECF No. 12).

For the reasons below, the Court **GRANTS** Defendants' Rule 56(d) Motion (ECF No. 6) and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Summary Judgment (ECF No. 5).

## BACKGROUND

Defendants removed this action from the Muskingum County Court of Common Pleas. (ECF No. 1.) Plaintiff's Complaint named as defendants Matt Lutz in his official capacity as the Muskingum County Sheriff and Muskingum County, Ohio. (ECF No. 2, ¶¶ 4–5.) Plaintiff seeks the return of $11,000 that she alleges Defendants wrongfully seized and unlawfully retained. (*Id.*

¶ 1.) Plaintiff says she was in possession of $11,000 and the Muskingum County Sheriff's Office seized the money from her sister in connection with an arrest in August 2022. (*Id.* ¶¶ 8–9.) Plaintiff alleges that Defendants did not pursue criminal charges or forfeiture proceedings against her, but have refused to return her money even after her demands to do so. (*Id.* ¶¶ 10–15.) Plaintiff brings claims for violation of due process and municipal liability under 42 U.S.C. § 1983, an unconstitutional taking under the Fifth and Fourteenth Amendments to the United States Constitution, replevin, conversion, unjust enrichment, and declaratory judgment. (*Id.* ¶¶ 20–58.)

While this action was pending in state court, Plaintiff filed a Motion for Summary Judgment. (ECF No. 1, ¶ 1.) Plaintiff's Motion for Summary Judgment was refiled in this Court (ECF No. 5), Defendants responded in opposition (ECF No. 7), and Plaintiff replied in support (ECF No. 10). Defendants filed their Rule 56(d) Motion, asking the Court to deny Plaintiff's Motion for Summary Judgment without prejudice and give the Parties time to engage in discovery. (ECF No. 6.) Plaintiff responded in opposition to the Rule 56(d) Motion (ECF No. 11), and Defendants replied in support (ECF No. 12). Plaintiff has also moved for leave to file an amended complaint (ECF No. 9), to which Defendants responded in opposition (ECF No. 13), and Plaintiff replied in support (ECF No. 16).

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) provides that on summary judgment, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why

[the party] has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

When the nonmovant complies with Rule 56(d)'s procedural requirements, the Sixth Circuit provides five factors to consider when deciding whether to permit the requested discovery. *Charter Oak Fire Ins. Co. v. Caterpillar Inc.*, No. 2:24-cv-4176, 2025 WL 1068821, at *2–3 (S.D. Ohio Apr. 9, 2025). Those factors, known as the *Plott* factors, include:

> (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period had lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests.

*Id.* (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995)) (citation modified). With this background, the Court turns to Defendants' Rule 56(d) Motion.

## ANALYSIS

### I. Rule 56(d) Requirements

To begin, Defendants have complied with the technical requirements of Rule 56(d) by submitting a motion and a declaration of counsel detailing the discovery that Defendants need to fully respond to Plaintiff's Motion for Summary Judgment.[1] (ECF Nos. 6, 6-3.) For example, Defendants want to test Plaintiff's assertion that she is the lawful owner of the $11,000 in dispute by requesting documents such as tax returns and pay stubs and taking Plaintiff's deposition. (ECF No. 6, PageID 79–80; ECF No. 6-3, PageID 110.) Defendants also plan to ask for discovery related to Plaintiff's assertion that the Muskingum County Sheriff's Office seized and retained the $11,000. (ECF No. 6, PageID 80; ECF No. 6-3, PageID 110–11.) Finally,

---

[1] Plaintiff criticizes Defendants' submission of a declaration from their counsel (ECF No. 11, PageID 240), but Rule 56(d) motions are routinely supported by a declaration or affidavit of counsel. *See, e.g.*, *Charter Oak Fire Ins. Co.*, 2025 WL 1068821, at *2.

Defendants note that Plaintiff alleges she suffered financial harm and will seek discovery regarding those damages. (ECF No. 6, PageID 80–81; ECF No. 6-3, PageID 111.)

Plaintiff argues that Defendants' Rule 56(d) Motion fails because Defendants were able to file a substantive opposition to Plaintiff's Motion for Summary Judgment. (ECF No. 11, PageID 239–40.) Relatedly, the Rule 56(d) Motion says Defendants "have sufficient evidence to cause the denial of Plaintiff's Motion for Summary Judgment," but continues to explain that without the benefit of discovery they are "unable to present a full defense to Plaintiff's Motion for Summary Judgment." (ECF No. 6, PageID 78–79.) The Court recognizes that Defendants' substantive response to Plaintiff's Motion for Summary Judgment is somewhat contradictory to their Rule 56(d) Motion, but finds that granting the Rule 56(d) Motion is warranted in the context of this case.

Defendants filed their Rule 56(d) Motion on May 7, 2026 (ECF No. 6), and then filed a response in opposition to Plaintiff's Motion for Summary Judgment on May 14, 2026 (ECF No. 7). In their opposition brief, Defendants reiterate that Plaintiff's Motion for Summary Judgment is premature and should be denied under Rule 56(d), and explain they are filing a substantive response because the state court ordered Defendants to respond to Plaintiff's Motion for Summary Judgment by May 14, 2026. (ECF No. 7, PageID 114.) Defendants say they filed their substantive opposition "out of an abundance of caution." (ECF No. 12, PageID 265.) Where, like here, there has not been an adequate opportunity for discovery, denying a party's Rule 56(d) motion and ruling on a summary judgment motion "would likely constitute an abuse of discretion." *Wilson v. Ebony Constr. LLC*, No. 2:17-cv-1071, 2018 WL 4743063, at *3 (S.D. Ohio Oct. 2, 2018) (Jolson, M.J.). Given this context, the Court is not persuaded by Plaintiff's

argument that the Rule 56(d) Motion must fail because Defendants responded in substance to her Motion for Summary Judgment.

Plaintiff also opposes the Rule 56(d) Motion because the Parties have already submitted evidence about two out of the three categories Defendants plan to investigate during discovery. (ECF No. 11, PageID 238–39.) But the fact that some evidence has been submitted on certain topics due to early summary judgment briefing does not mean that Defendants are no longer entitled to discovery in this case. Courts construe Rule 56(d) motions generously because it is "well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). Plaintiff also says Defendants' proposed discovery requests about damages relate to "the damages phase, not the liability phase." (ECF No. 11, PageID 239.) But liability and damages have not been bifurcated in this case, and Plaintiff's Motion for Summary Judgment discusses and requests damages. (ECF No. 5, PageID 72–73.)

Defendants have cleared the Rule 56(d) procedural hurdle of explaining the information they need to fully respond to Plaintiff's Motion for Summary Judgment. The Court now turns to the *Plott* factors to determine whether Defendants are entitled to additional discovery before the Court rules on Plaintiff's Motion for Summary Judgment.

## II. *Plott* Factors

### A. Whether Defendants Were Timely and Diligent in Their Discovery Efforts

The Court's "main inquiry" in assessing a request under Rule 56(d) is "whether the moving party was diligent in pursuing discovery." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). Three of the five *Plott* factors hinge on issues of timeliness and diligence: when the

party seeking discovery learned of the issue that is the subject of the desired discovery, how long the discovery period has lasted, and whether the party seeking discovery was dilatory in its discovery efforts. *See Plott*, 71 F.3d at 1196–97.

The Court is mindful of the early stage of the litigation.[2] Plaintiff moved for summary judgment one month after filing her Complaint in state court. The Motion for Summary Judgment was filed before this case was removed to federal court and before the Parties engaged in discovery. The Parties have not yet filed a Rule 26(f) report, and this Court has not yet entered a scheduling order. Plaintiff does not set forth any evidence that Defendants purposefully delayed discovery or were not diligent in pursuing discovery. Thus, the first, third, and fourth *Plott* factors weigh in Defendants' favor.

**B. Whether the Desired Discovery Will Change the Ruling**

The Court now turns to the second *Plott* factor—whether the proposed discovery could change the Court's summary judgment ruling. *See Plott*, 71 F.3d at 1196–97. Plaintiff makes several substantive arguments related to this point. (ECF No. 11, PageID 240–41, 242–43.) Under this factor, however, the Court determines whether the evidence "*might*" influence its perception of a genuine factual dispute. *Wilson*, 2018 WL 4743063, at *6 (quoting *Dobbins v. Craycraft*, 423 F. App'x 550, 554 (6th Cir. 2011)). "[E]ven if the Court has not established that the discovery would change the ultimate outcome, the Court may still permit discovery under Rule 56(d) so that the parties may 'develop the relevant facts.'" *Id.* (quoting *Malibu Boats, LLC v. Mastercraft Boat Co., LLC*, No. 3:15-CV-276-TAV-HBG, 2016 WL 589691, at *6 (E.D. Tenn. Feb. 11, 2016)).

[2] Plaintiff says she has been deprived of $11,000 for more than three years (ECF No. 11, PageID 243), but this case has been pending for only a few months.

Here, Plaintiff relies on her sworn affidavit, her written demand for return of funds, and Defendants' Answer as support for her Motion for Summary Judgment. (ECF No. 5, PageID 63.) As Defendants note, they have not had the opportunity to depose Plaintiff or obtain discovery related to the statements made in her sworn affidavit. (ECF No. 6, PageID 78); *Silverman v. I.C. Sys., Inc.*, No. 2:18-CV-1281, 2019 WL 1981883, at *3 (S.D. Ohio May 3, 2019) (denying without prejudice plaintiff's summary judgment motion, which was supported by plaintiff's affidavit, because the defendant "did not have the opportunity to depose [plaintiff] or obtain discovery involving his sworn statements"). In other words, Defendants have not had the chance to develop the relevant facts. Defendants intend to seek discovery related to Plaintiff's ownership of the $11,000, Plaintiff's assertion that the Muskingum County Sheriff's Office seized and retained the $11,000, and Plaintiff's alleged damages. (ECF No. 6, PageID 79–81; ECF No. 6-3, PageID 110–11.) Information about these subjects could influence the Court's ruling, given that Plaintiff argues she is entitled to summary judgment because Defendants have unlawfully seized and retained $11,000 that belongs to her. (*See generally* ECF No. 5.) Thus, the second *Plott* factor favors Defendants.

### C. Whether Plaintiff Responded to Discovery Requests

As for the fifth *Plott* factor—whether Plaintiff has been responsive to discovery requests—the Parties have not yet engaged in discovery. The last factor is therefore neutral.

Considered together, the *Plott* factors weigh in Defendants' favor. As such, the Court **GRANTS** Defendants' Rule 56(d) Motion (ECF No. 6) and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Summary Judgment (ECF No. 5).

Finally, the Court notes a third motion is pending in this case: Plaintiff's Motion for Leave to File Amended Complaint. (ECF No. 9.) Defendants' response to that motion suggests

that if the Court were to deny Plaintiff's Motion for Summary Judgment without prejudice, Defendants would not be opposed to Plaintiff filing an Amended Complaint. (ECF No. 13, PageID 268.) As such, the Court **ORDERS** Defendants to file a notice on the Court's docket **within 14 days** of the date of this Opinion and Order stating their position on Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 9) in light of the Court's decision to grant Defendants' Rule 56(d) Motion and deny without prejudice Plaintiff's Motion for Summary Judgment.

## CONCLUSION

For the reasons above, the Court **GRANTS** (ECF No. 6) Defendants Matt Lutz and Muskingum County's Motion to Deny Plaintiff's Motion for Summary Judgment Without Prejudice and Allow Time to Engage in Discovery Pursuant to Fed. R. Civ. P. 56(d). The Court **DENIES WITHOUT PREJUDICE** (ECF No. 5) Plaintiff Michella Curry's Motion for Summary Judgment. In addition, the Court **ORDERS** Defendants to file a notice on the Court's docket **within 14 days** of the date of this Opinion and Order stating their current position on (ECF No. 9) Plaintiff Michella Curry's Motion for Leave to File Amended Complaint.

This case remains open.

**IT IS SO ORDERED.**

**8/14/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**